<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| D&D TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CYTOCORE, INC., <br><br> Defendant. | Civil Action No. 14-4217 (JLL) (JAD) <br><br> **OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant CytoCore, Inc. ("CytoCore")'s motion to dismiss Plaintiff D&D Technology, Inc. ("D&D")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 4). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** Defendant's motion. Plaintiff's Complaint is dismissed in its entirety without prejudice. Plaintiff may file an Amended Complaint that cures the pleading deficiencies discussed herein on or before **October 3, 2014.** Plaintiff's failure to do so will result in dismissal of the Complaint *with* prejudice.

I.  **BACKGROUND**

In or about April 2012, the parties "entered into an agreement whereby Plaintiff [D&D] agreed to perform engineering work for Defendant [Cytocore] to help develop a device (the "Device") that would collect aspirant from a woman's breast, which aspirant could then be tested

1

for potential early detection of breast cancer." (Compl. ¶ 4, ECF No. 1). The parties also entered into a nondisclosure agreement. (*Id.* at ¶ 5).

Thereafter, D&D provided CytoCore with drawings, diagrams, and other information about the Device. (*Id.* at ¶ 9). D&D also provided CytoCore with multiple opportunities to see the Device in operation. (*Id.* at ¶ 7). However, when D&D invoiced CytoCore, CytoCore refused to fully pay D&D for the time and materials D&D expended to develop the Device. (*Id.* at ¶¶ 6-7). D&D repeatedly sought payment from CytoCore, but CytoCore still refused to pay. (*Id.* at ¶ 8). Finally, on March 12, 2014, D&D's counsel advised CytoCore that it was in breach of all agreements with D&D and that all such agreements were terminated. (*Id.* at ¶ 10).

Based on these allegations, D&D filed a five-count complaint in the Superior Court of New Jersey, Law Division, Union County on May 7, 2014. On July 2, 2014, CytoCore removed the matter to this Court. This Court's jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332. CytoCore now moves to dismiss D&D's Complaint in its entirety pursuant to Rule 12(b)(6).

## II.  LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its

attachments without reference to other parts of the record." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III. DISCUSSION

Plaintiff D&D's Complaint sets forth the following counts: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) conversion; (4) equitable fraud; and (5) legal fraud. (*See* Compl. ¶¶ 11-35). Defendant moves to dismiss all claims on various grounds.

#### A. Count One -- Breach of Contract

To state a claim for breach of contract under New Jersey law,[1] the plaintiff must allege facts demonstrating that: "(1) the parties entered into a valid contract, (2) the defendant did not perform his or her obligations under the contract, and (3) the plaintiff suffered damages as a result." *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

D&D alleges neither the terms of its purported agreements with CytoCore nor which of those terms CytoCore allegedly breached when it refused to pay D&D. (*See* Compl. ¶¶ 4-10). Moreover, it is entirely unclear from the allegations set forth in the Complaint whether Count One is premised on an alleged breach of the parties' agreement "to perform engineering work" or the parties' nondisclosure agreement, or both. Absent such allegations, this Court cannot draw the reasonable inference that CytoCore's alleged actions in refusing to pay D&D for the time and material it expended to develop the Device constituted a breach of any particular agreement. *See*

---

[1] Generally speaking, since this Court exercises its diversity jurisdiction over this action, the law to be applied is that of the forum state—New Jersey. *See Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995). The parties do not dispute this.

3

generally *Chemtech Int'l, Inc. v. Chem. Injection Tech., Inc.*, 170 F. App'x 805, 808 (3d Cir. 2006) ("Stating that a contract was breached is stating a legal conclusion. Stating that a document was signed, that the document called for certain performance, and that performance did not occur are all factual allegations that would underpin this legal conclusion."); *see, e.g., Gaines v. United Parcel Serv., Inc.*, No. 13-3709, 2014 WL 1450113, at *9 (D.N.J. Apr. 14, 2014) (dismissing breach of contract claim where "it [was] impossible to discern what the alleged contract consist[ed] of"). Defendant's motion to dismiss this claim is granted. Count One is hereby dismissed without prejudice.

### B. Count Two -- Breach of the Implied Covenant of Good Faith and Fair Dealing

Count Two alleges, in its entirety, "in refusing to fulfill obligations to Plaintiff, Defendant breached the Implied Covenant." (Compl., ¶ 19).

Under New Jersey law, all contracts include an implied covenant that the parties to the contract will act in good faith. *See Sons of Thunder, Inc. v. Borden, Inc.*, 148 N.J. 396, 420 (1997). The covenant "mandates that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 253 (App. Div. 2002) (quotations omitted). Warning against overly broad constructions of the covenant of good faith, the New Jersey Supreme Court held that "an allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent an improper motive." *Brunswick Hills Racquet Club, Inc. v. Rte. 18 Shopping Ctr. Assoc.*, 182 N.J. 210, 231 (2005). The test for determining whether the implied covenant of good faith and fair dealing has been breached under New Jersey law is as follows: "a party exercising its right to use discretion in setting price under a contract breaches

4

the duty of good faith and fair dealing if that party exercises its discretionary authority arbitrarily, unreasonably, or capriciously, with the objective of preventing the other party from receiving its reasonably expected fruits under the contract." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001).

Plaintiff has failed to plead any facts to support a viable claim that CytoCore breached the implied covenant of good faith and fair dealing. For instance, the Complaint does not allege that CytoCore had any type of discretionary authority pursuant to the terms of the parties' agreement(s), that it exercised such a right, or that it exercised such right in an arbitrary, unreasonable or capricious manner. *See Wilson*, 168 N.J. at 251. Absent such factual content, the Court cannot draw the reasonable inference that Defendant is liable for the misconduct alleged—breach of the implied covenant of good faith and fair dealing. In fact, Plaintiff has failed to allege any injury to its contractual interest that was different, in any way, from its breach of contract claim. *See generally Kelly v. Blum*, No. 4516–V CP, 2010 WL 629850, at *13 (Del Ch. Feb. 24, 2010) ("Because general allegations of bad faith do not satisfy these elements, to state a cognizable claim a 'plaintiff must allege a *specific* implied contractual obligation and allege how the violation of that obligation denied the plaintiff the fruits of the contract.' ") (emphasis in original). To the extent Plaintiff has attempted to cure the deficiencies in this claim by including supplemental facts in its opposition brief, it is "axiomatic" that a plaintiff cannot amend its complaint by way of a brief in opposition to a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998) (citation omitted). Should Plaintiff wish to substantiate its claim with any facts contained in its opposition brief (or the attachments thereto), the complaint itself must be amended to include such facts. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, *a complaint* must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (emphasis added).

Defendant's motion to dismiss Count Two of Plaintiff's Complaint is granted. Such claim is dismissed *without* prejudice.

### C.     Counts Three through Five – Tort Claims

Defendant CytoCore argues that Plaintiff D&D's tort claims for conversion (Count III), equitable fraud (Count IV), and legal fraud (Count V) are barred by the economic loss doctrine because they are based on CytoCore's alleged failure to pay for D&D's services and materials. (Def.'s Br. 13-14). "The Economic Loss Doctrine is based on the principle that economic expectations between parties to a contract are not entitled to supplemental protection by negligence principles." *Saratoga at Toms River Condominium Ass'n, Inc. v. Menk Corp., Inc.*, 2014 WL 3510872, at *5 (N.J. Super. App. Div. July 17, 2014) (citing *Spring Motors Distributors, Inc. v. Ford Motor Co.*, 98 N.J. 555 (1985) (explaining that when addressing economic losses in commercial transactions, contract theories were better suited than were tort-based principles)); *see also Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995) (noting that the economic loss doctrine generally "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract . . . ."); *but see Q Capital Corp. v. Wilmington Trust Co.*, 2007 WL 93231, at *3 (N.J. Super. App. Div. Jan. 12, 2007) ("The issue of whether the Wilmington Trust group can seek to recover damages for breach of contract and fraud in the same action based on the same conduct arising from the execution of a business agreement is unsettled in this State. Stated differently, whether

6

Wilmington Trust and its related participants may seek to recover economic losses resulting from the performance of a contract based on breach of contract remedies and tort remedies, including fraud, is an open question.").

As a preliminary matter, the Court notes that the majority of the cases relied upon by Defendant for the proposition that Plaintiff's tort claims are all barred by the economic loss doctrine are district court decisions and thus not binding on this Court. In *Gleason*, the Third Circuit acknowledged that the New Jersey Supreme Court still has not decided the issue of whether a fraud claim—which is an *intentional* tort—can be maintained if based on the same underlying facts as a contract claim. *Gleason*, 243 F.3d at 144. Absent any binding legal authority in support of Defendant's position, this Court declines to predict New Jersey law on a motion to dismiss and will instead assess the plausibility of Plaintiff's tort claims on the merits, as the Third Circuit did in *Gleason*.

### 1.     Count Three -- Conversion

Count Three alleges, in its entirety, that "Defendant has received certain work product, explanations and drawings from Plaintiff, without properly compensating Plaintiff." (Compl., ¶ 22).

Under New Jersey law, "[t]he tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." *Advanced Enters. Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (App. Div. 2005). "Although conversion claims normally involve chattel, money may be the subject of conversion claims as well." *North Haledon Fire Co. No. 1 v. Borough of North Haledon*, 425 N.J. Super. 615, 631 (App. Div. May 16, 2012); *see generally Mankodi v. Trump Marina Assocs., LLC*, 525

F. App'x 161, 166 (3d Cir. 2013). "An action for conversion will not lie in the context of a mere debt or chose in action, however. Where there is no obligation to return the identical money, but only a relationship of a debtor and creditor, an action for conversion of the funds representing the indebtedness will not lie against the debtor." *Advanced Enterprises Recycling, Inc. v. Bercaw*, 376 N.J. Super. 153, 161 (App. Div. 2005); *see also Chicago Title Ins. Co. v. Ellis,* 409 N.J. Super. 444, 455 (App. Div. 2009) ("Courts have restricted its application to money to avoid turning a claim based on breach of contract into a tort claim.").

Count Three, as currently drafted, sounds in debt. In particular, Plaintiff alleges that Defendant failed to properly compensate Plaintiff for certain services rendered. In Count One of Plaintiff's Complaint, Plaintiff concedes that Defendant's obligation in this regard allegedly arises out of the parties' contract(s). New Jersey courts have expressly restricted application of the doctrine of conversion when it seeks to turn a claim based on breach of contract into a tort claim. *See, e.g., Chicago Title Ins. Co. v. Ellis*, 409 N.J. Super. 444, 455 (App. Div. 2009). As it is currently pled, that is precisely what Plaintiff has attempted to do in Count Three of the Complaint. *See, e.g., Am. Rubber & Metal Hose Co.*, 2011 WL 3022243, at *6-7 (D.N.J. July 22, 2011) (dismissing conversion claim where "the alleged failure to fulfill the requirements of the purchase of said assets sounds in contract, not tort."). Defendant's motion to dismiss this claim is therefore granted. To the extent the pleading deficiencies in this claim can be cured by way of amendment, this claim is dismissed *without* prejudice.

### 2. Fraud Claims

Counts Four and Five allege claims of fraud. In particular, Count Four alleges that Defendant promised to pay Plaintiff for services and materials, that such promise was knowingly

8

false, that Defendant made such representation with the intent "that Plaintiff would rely on it," and that Plaintiff did rely on such representation to its detriment. Count Five alleges that Defendant misrepresented information regarding payment for services rendered by Plaintiff, that Defendant had knowledge of its falsity, and that Plaintiff relied on such misrepresentation to its detriment. The Court begins by noting that the foregoing allegations are entirely conclusory and thus do not benefit from the presumption of truth.

In New Jersey, to state a claim for fraudulent misrepresentation or omission, a plaintiff must establish: "(1) a material misrepresentation [or omission] of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997). In addition, Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The purpose of the heightened pleading standard is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir.2007); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). "To satisfy this heightened standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200. Plaintiff must also allege who made the purported misrepresentations and what specific misrepresentations were made. *See, e.g., Frederico v. Home Depot*, No. 05–5579, 2006 WL 624901, at *2 (D.N.J. Mar. 10, 2006).

There is no question that Plaintiff's Complaint fails to allege any specific misrepresentation(s) made by anyone on behalf of Defendant, or when such alleged misrepresentations were made. Certainly, the Complaint contains no <u>facts</u> suggesting that CytoCore (or any of its employees) had knowledge of the falsity of any particular statements it made to the Plaintiff. In short, Plaintiff has failed to plead the date, time and/or place of the alleged fraud by CytoCore. Nor has Plaintiff otherwise injected some measure of substantiation into its allegations of fraud as against CytoCore. Absent such factual content, Plaintiff's allegations of fraud are insufficient to pass muster under Rule 8(a), much less to meet Rule 9(b)'s heightened pleading standard. *See generally Gennari*, 148 N.J. at 610; *Frederico*, 507 F.3d at 200. Plaintiff's fraud claims (Counts Four and Five) are therefore dismissed *without* prejudice.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's Complaint is granted. Counts One through Five of Plaintiff's Complaint are hereby dismissed without prejudice. **Plaintiff may file an Amended Complaint that cures the pleading deficiencies discussed above on or before October 3, 2014.** Plaintiff's failure to do so will result in dismissal of the original Complaint with prejudice, upon application by the Defendant.

An appropriate Order accompanies this Opinion.

DATED: September 2, 2014

s/ Jose L. Linares<br>
JOSE L. LINARES<br>
U.S. DISTRICT JUDGE